UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-192-FDW

| | |
|---|---|
| RIGEL YEZREEL BONILLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| BRUCE METCALF, Haywood ) | |
| Correctional Officer, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, Plaintiff's complaint will be dismissed.

## I. BACKGROUND

In December 2011, Plaintiff was a pretrial detainee in the Haywood County Detention Center. Plaintiff alleges that between the 16th and 18th of December, 2011, the Defendant approached Plaintiff while he was near a table in the maximum security block and began massaging Plaintiff's shoulders. During this contact, the Defendant indicated that he would transport Plaintiff to the booking room to be raped by other inmates, and the Defendant threatened to sodomize Plaintiff with a "check wand." (Doc. No. 1 at 4). Defendant then pushed the wand into Plaintiff's lower back several times and made repeated comments about sodomizing Plaintiff with the wand.

Two days later, Plaintiff informed Corporal Joey Frantham about the incidents, and

---

[1] The following allegations are taken as true for the purpose of this initial review.

1

Frantham became angry and pushed Plaintiff into his cell. That same day, three detectives met with Plaintiff and stated they considered the incident to be one of sexual harassment. The detectives declared that they would begin an investigation into the allegations but Plaintiff does not know whether they did so. (Id.). In his claim for relief, Plaintiff seeks monetary compensation for mental abuse and mental anguish. (Id.).

## II. STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.     DISCUSSION

Plaintiff contends that the Defendant subjected him to cruel and unusual punishment while he was detained in the Haywood County Detention Center. (Doc. No. 1 at 5). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal citation omitted).

A.     Exhaustion

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court found that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is incarcerated. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to

3

claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Plaintiff contends that he filed grievances and complained about the Defendant's conduct but his written grievances were torn up by prison officials and he never received a response. (Doc. No. 1 at 2-3). Plaintiff also filed a verified statement in this Court which states that he has exhausted his available administrative remedies. (Doc. No. 4). Inasmuch as the allegations in Plaintiff's complaint occurred in December 2011, and Plaintiff contends that he complained and filed written grievances soon after the conclusion of these events, the Court finds that Plaintiff has sufficiently demonstrated exhaustion prior to filing this § 1983 complaint.

B.  Section 1915A(b)

In his pro se complaint, Plaintiff alleges a couple of incidents of sexually charged conduct over the span of three days in December 2011. Plaintiff contends an investigation was commenced by the Haywood County Sheriff's Department but it appears from the complaint that the investigation may have been abandoned. Plaintiff asserts that these incidents of sexual conduct, whether involving physical contact or verbal threats, violate his rights as protected by the Eighth Amendment and are therefore actionable in this § 1983 action.

The Eighth Amendment provides parameters for permissible behavior by state actors in prisons. A plaintiff may demonstrate an Eighth Amendment violation by showing two things. First, the alleged conduct must be "objectively, sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Under this standard, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Next, the plaintiff must show that the prison

4

officer had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (citation and internal quotation marks omitted). To be sure, sexual conduct may present an actionable claim under the Eighth Amendment.

In the present case, the alleged incidents appear to serve no purpose other than to harass Plaintiff. However the Court finds that, at best, Plaintiff has set forth allegations that may sound under state tort law. See Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997) (finding prisoner failed to state a claim for relief under the Eighth Amendment by only alleging a few incidents of verbal harassment, touching, and being pressed against without his consent).

In Boddie, the Court continued by noting that the "isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Id. at 861-62 (citing Farmer, 511 U.S. at 833-34; Rhodes, 452 U.S. at 348-49 & 348 n.13).

In sum, Plaintiff alleges a couple of incidents where the Defendant pushed "the wand into [Plaintiff's] lower back." However, the remaining allegations involve comments over a couple of days with sexual overtones, but there is no evidence that the Defendant ever carried through with the verbal threats. See Patton v. Przybylski, 822 F.2d 697, 360 (7th Cir. 1987) (finding that the presence of derogatory remarks, standing alone, fail to state a constitutional claim); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987) (noting that verbal threats are insufficient to establish a constitutional violation unless presented with physical force).

In the present case, the alleged incidents occurred almost two years ago and involve a couple of incidents where there was physical touching with the officer's wand, an incident that

5

did not involve any contact with Plaintiff's sexual anatomy or any physical injury. For the reasons that are set forth herein, Plaintiff's complaint will be dismissed.

### IV.    CONCLUSION

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

Signed: October 17, 2013

Frank D. Whitney
Chief United States District Judge